[Civ. No. 897. Fourth Appellate District.—July 11, 1932.]

SUE C. PENTECOST, Respondent, v. ALDA R. GRAHAM et al., Appellants.

Utley & Nuffer for Appellants.

C. L. Brown for Respondent.

BARNARD, P. J.—This is an appeal from a judgment for $525 for personal injuries suffered by the plaintiff, including the cost of medical attention. On September 25, 1930, the plaintiff was living in a house she was renting from the defendant Graham. On that day the other two defendants, as agents of the defendant Graham, came to this house with the intention of removing certain furniture therefrom. The plaintiff refused to admit them and was attempting to close the door when the injuries in question were received. The court found that these two defendants, with great force and violence, pulled the door open while the plaintiff had

her hand on the knob; that this caused the plaintiff to fall forward; that thereupon one of the defendants, with great force and violence, pushed her backward in such a manner that she fell with great force upon the floor; and that she was rendered unconscious and suffered various injuries.

The defendants have appealed from the judgment, the only ground of appeal being that the evidence offered in support of the plaintiff's contention is so inherently improbable and so fraught with inconsistencies and falsehoods that it is not sufficient to support the findings and judgment. The appellants point out three alleged "inconsistencies". One of these relates to the manner in which the injuries were received, it being contended that the respondent in her testimony, gave three versions thereof. While there are some slight discrepancies in the evidence referred to, they are trivial and unimportant, and not only are the findings supported by those portions of the evidence quoted by the appellants, but by considerable other evidence shown in the record. Two other inconsistencies are pointed out, relating only to the extent of the injuries received by the respondent. It is said that she alleged in her complaint that on a certain date she was told by her physician that one of her kidneys had been torn loose by this fall, while the physician in question, although testifying that he had told her it might be that her kidney had been torn loose, referred this conversation to a different date than that named by the respondent. Again, it is said that the respondent testified that on the day of her injury she called the attention of her physician to an injury to her thumb, while the doctor testified that if she did so he did not remember it. Upon such contentions as these, it is maintained that the evidence is so inherently improbable as, in effect, to constitute no evidence at all.

There is nothing inherently improbable or impossible of belief in the testimony in support of the complaint, as shown by the record. The claimed inconsistencies are not only unimportant, but at most could only go to the weight of the evidence. Upon an appeal it will be presumed that the trial judge recognized and accounted for to his own satisfaction, any inconsistencies which may be made to appear in the testimony. (*Henley* v. *Pacific Fruit Cooling & Vaporiz-*

*ing Co.,* 19 Cal. App. 728 [127 Pac. 800].) Under any view, nothing more is here presented than a conflict in the evidence, and the necessary findings are fully supported.

The judgment is affirmed.

Marks, J., and Harden, J., *pro tem.,* concurred.